## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Mar 09, 2012

IN RE:

**EDDIE SANTANA,**

           **Debtor.**

**Case No. 10-12043-M**
**Chapter 13**

### ORDER DENYING MOTION FOR DECLARATORY ORDER

THIS MATTER comes before the Court pursuant to the Motion for Declaratory Order and Brief in Support ("Motion") filed by Eddie Santana, Debtor herein, ("Debtor") pro se . The Motion asserts that the Superior Court of Orange County, California ("Superior Court") has violated orders of this Court as well as the automatic stay, as defined in 11 U.S.C. § 362(a). On its face, the Motion is unopposed, as the Superior Court has yet to appear in this bankruptcy case. However, it takes more than lack of opposition in order to prevail. The party must be entitled to the relief sought as a matter of fact and of law. After review of the facts and law presented to it, the Court determines that Debtor is not entitled to the relief he seeks, notwithstanding the silence of the Superior Court. Accordingly, the Motion is denied.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). The issues presented in this matter are core proceedings contemplated by 28 U.S.C. § 157(b)(2)(A, G, and L). Civil contempt proceedings arising out of core matters are themselves core matters.[1]

---

[1] *In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990).

**Findings of Fact**

Debtor filed an original petition for relief under Chapter 7 of the Bankruptcy Code on June 17, 2010.[2]  The case was converted to Chapter 13 on August 26, 2010.[3]  Debtor's original Schedule F (Creditors Holding Unsecured Nonpriority Claims) lists a "debt" of $500 to "Sup. Ct. /Central Justice Ctr," which indicates that it was incurred in June 2010 and was based on a traffic ticket.[4]  The debt is not listed as contingent, unliquidated, or disputed.  The schedule contains no identifying account number and does not identify the creditor as the Superior Court, but the Court notes that the address related to this debt is the physical address of the Central Justice Center of the Superior Court of Orange County in Santa Ana, California.[5]  On September 27, 2010, and again on October 8, 2010, Debtor filed an Amended Schedule F, which lists the debt to "Sup. Ct. / Central Justice Ctr" as $50.[6]  On April 25, 2011, Debtor filed a Proof of Claim ("Claim No. 10") that named "Orange County Superior Court of California Case no. SA151964PE-7610138" as the creditor.  Claim No. 10 lists the amount of the claim as $50 and indicates that the basis of the claim is "Civil Action."

On April 25, 2011, Debtor filed his 11th Amended Chapter 13 Plan ("Plan"), which was confirmed by an order entered on July 13, 2011 (the "Confirmation Order").[7]  In the Plan, under the heading "Unsecured Claims," Debtor lists "[Claimant] Superior Court of California, Central Justice

---

[2]  Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 et seq. (West 2012).

[3]  *Docket No. 42.*

[4]  *Docket No. 16*, at 19.

[5]  *See* http://www.occourts.org/locations/cjc.html.

[6]  *Docket Nos. 61 and 70.*

[7]  Plan, *Docket No. 138*; Confirmation Order, *Docket No. 177*.

Center, [Description] civil (traffic) fine, [Allowed Amount] $50, [Monthly Payments and Number of Payments] $50 x 2nd month."[8]  According to the Plan, Debtor anticipates a 100% payback to holders of general unsecured claims.

Both before and after the Plan was confirmed, Debtor filed certificates indicating he served notice on the Superior Court at its physical address of the various orders setting deadlines for objection to the Plan, a copy of the Conformation Order, as well as a copy of the Motion.  None of these notices were directed to a specific person or officer.  On or about December 9, 2011, Debtor received a notice from the Superior Court regarding his criminal case ("Notice No. 1").[9]  He received a second notice on or about January 13, 2012 ("Notice No. 2").[10]  It is these two notices that were the impetus for the present Motion.  Notice No. 1 indicates that Debtor has been charged with a violation of § 21453(a) of the California Vehicle Code.[11]  It does not include the date of the violation, but in the Motion, Debtor describes this as "pre- and not a post petition debt."[12]  Notice No. 1 indicates that the Superior Court has reviewed a bankruptcy court order that was submitted by Debtor,[13] and that in the opinion of the presiding judicial officer of the Superior Court, the

---

[8]  Plan, *Docket No. 138*, at 2.

[9]  Debtor's Exhibit No. 3.

[10]  Debtor's Exhibit No. 4.

[11]  Section 21453(a) of the California Vehicle Code states "A driver facing a steady circular red signal alone shall stop at a marked limit line, but if none, before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection, and shall remain stopped until an indication to proceed is shown, except as provided in subdivision (b)."  Cal. Veh. Code § 21453(a).

[12]  Motion, *Docket No. 197*, at 2.

[13]  The specific order in question is not identified.

bankruptcy court order does not apply to the matter pending before the Superior Court.[14]  It provides Debtor with various options to either appear at a hearing or in the alternative submit a plea of guilty or not guilty by letter.  Although the notice shows a Balance Due of $710, it also outlines the fine that will be imposed if Debtor pleads guilty, which includes an offer to reduce various fees and suspend a portion of the fine.  Notice No. 2 indicates that the Superior Court held a hearing in Debtor's matter on January 6, 2012.  At the hearing, the court denied a motion by Debtor to place his matter under bankruptcy protection and noted that criminal penalties are not dischargeable in bankruptcy.  Neither notice indicates that a final judgment or sentence has been entered against Debtor.

To the extent  the "Conclusions of Law" contain any items that should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

## Conclusions of Law

*Notice of the Motion*

As an initial matter, the Court notes that although the Motion is captioned as a "Motion for Declaratory Order and Brief in Support," in substance it alleges that Notice Nos. 1 & 2 constitute a violation of the Confirmation Order and the automatic stay under § 362(a).[15]  Debtor seeks an order to show cause why an order enjoining the Superior Court from trying to collect a debt should not be issued.  In the absence of an adversary proceeding, the Court may not consider relief involving

---

[14]  Debtor's Exhibit No. 3.

[15]  As of the date of the Motion, only Notice No. 1 had been received by Debtor.  Both notices were submitted as evidence to the Court in the hearing on this matter.

an injunction or other equitable relief.[16]  A bankruptcy court has authority under § 105(a) to issue orders and sanctions for civil contempt, including for violations of the automatic stay, where necessary and appropriate for the enforcement of its orders.[17]  A motion for an order of contempt made by a party in interest may be litigated as a contested matter.[18]  Therefore, although Debtor seeks various remedies to "enjoin[] creditor Orange County from trying to collect on this already settled debt,"[19] the Court will treat the Motion as a motion for an order of contempt.

The Federal Rules of Bankruptcy Procedure require that a motion initiating a contested matter be served in the manner provided for service of a summons and complaint under Bankruptcy Rule 7004.[20]  Debtor has not filed a certificate of service indicating that he complied with these service requirements.  Instead, it appears Debtor mailed a document captioned "Notice and Opportunity for Hearing," which merely informed the recipient that the Motion had been filed, to the Superior Court at its physical address in Santa Ana, California.[21]  It does not appear from the certificate of service that the document was directed to any individual or officer.  In addition, Debtor certified that he mailed a copy of a document titled "Notice of Hearing," which informed the recipient that a hearing was set regarding the Motion, to the same Santa Ana address.  The Court

---

[16]  *See* Fed. R. Bankr. P. 7001(7).  Debtor does not identify an injunction or other equitable relief provided by his Chapter 13 Plan that would allow an exception to this requirement.

[17]  *In re Skinner*, 917 F.2d 444, 447 (10th Cir. 1990).

[18]  *See* Fed. R. Bankr. P. 9020 and 9014.

[19]  See Motion, *Docket No. 197*, at 2–3.

[20]  *See* Rule 9014(b).

[21]  *Docket No. 197*, at 5–6.

finds that the Debtor's method of service on the Superior Court in this matter does not comply in letter or spirit with the procedures found in Bankruptcy Rules 9014(b) and 7004(b)(6).[22]  The Court would be justified to refuse to consider the matter further until Debtor can show proper service on the Superior Court.  After careful consideration, the Court finds that it has sufficient information to be able to rule on the issues raised in the Motion.   The Court finds that such a ruling will result in a "just, speedy, and inexpensive determination" of this matter, and will not prejudice the rights of any party.[23]

*The Superior Court proceeding*

At issue in this matter are the two notices that Debtor received from the Superior Court subsequent to the filing of the Confirmation Order.  Those notices indicate that Debtor was cited for a traffic infraction under the California Vehicle Code.  There is no question that under California law, a traffic infraction is a crime.[24]  According to the notices, the current status of the proceeding is that the Superior Court is awaiting a plea from Debtor, after which the matter will proceed to hearing or sentencing.  However, as of the date of this writing, it does not appear that a judgment or sentence has been entered against Debtor.  When and if Debtor is ultimately found guilty of the

---

[22]  The Court also notes that the address used by Debtor to serve the Superior Court is the same one he used in his attempted service of the Superior Court in Adversary No. 10-01094-M. In that proceeding, the Court found that Debtor's method of service did not comply with Bankruptcy Rule 7004(b)(6), which addresses the manner of service on a state or governmental organization.  *See* Denial of Request for Entry of Default by the Clerk, Adv. No. 10-01094-M, *at Docket No. 30*; Order Denying Motion for Default Judgment, Adv. No. 10-01094-M, *at Docket No. 43, aff'd*, No. 11-CV-00345, *at Docket No. 17* (N.D. Okla. December 22, 2011).

[23]  *See* Fed. R. Bankr. P. 1001.

[24]  Cal. Penal Code § 16 (West 1999).  *See also People v. McKay*, 41 P.3d 59, 69 n.16 (Cal. 2002) ("In California, however, traffic infractions have not been decriminalized."); *People v. Carlucci*, 590 P.2d 15, 21 (Cal. 1979) (reason for classifying some prohibited acts as infractions is to facilitate their swift disposition).

charged crime, any restitution or criminal fine included in the resulting sentence will not be discharged in this case.[25]

*Applicability of the automatic stay*

The Court agrees with Debtor that "[t]he automatic stay generally prohibits . . . litigation, enforcement of liens, and other actions, be they judicial or otherwise, which would affect or interfere with property of the estate, of the debtor, or which is in the custody of the estate."[26]  The automatic stay is self-executing, and becomes effective upon the filing of the bankruptcy petition.[27]  In addition, the Confirmed Plan explicitly provides that "[t]he automatic stay provided by 11 U.S.C. § 362(a) shall remain in force and effect . . ."[28]  Therefore, *to the extent a creditor is stayed from continuing judicial process against Debtor*, the same is stayed until the stay is modified by the Court or the conclusion of the case.

What Debtor fails to appreciate is that exceptions to the automatic stay are built into the Bankruptcy Code under § 362(b).  Specifically relevant to this matter, § 362(b)(1) states:

> (b) The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay—
>
>> (1) under subsection (a) of this section [362], of the commencement or continuation of a criminal action or proceeding against the debtor[.][29]

---

[25] § 1328(a)(3).  *See, e.g., Coulter v. Aplin (In re Coulter)*, 305 B.R. 748, 760–61 (Bankr. D.S.C. 2003).

[26] *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987).

[27] § 362(a); *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000).

[28] *Docket No. 177*, at 2 ¶ 5.

[29] § 362(b)(1).

Under the plain language of the statute, the automatic stay does not apply to the continuation of criminal proceedings against Debtor.[30]  Nothing in the Confirmation Order changes this result.  The Superior Court is not stayed by this bankruptcy action from proceeding with its criminal proceeding against Debtor.  This includes holding hearings and sending Debtor notices regarding same.  Based on this analysis, the Court cannot find that Debtor has made any cognizable allegations that the Superior Court has taken any action in violation of the automatic stay or of the Confirmation Order that would warrant an order or injunction by this Court.  Therefore, the Motion will be denied.

*Effect of the Confirmation Order*

At the hearing on this matter, Debtor asserted that because he filed Claim No. 10 on behalf of the Superior Court without objection, the Confirmation Order prohibits the Superior Court from conducting further proceedings against him.  Debtor cites to the case of *Coulter v. Aplin (In re Coulter)*[31] in support of his position.  First, the Court notes that to date, there has been no adjudication of guilt against Debtor by the Superior Court, no judgment, and no sentence imposing either jail time or a criminal fine.  The Court does not find any authority in *Coulter* or elsewhere for the proposition that the automatic stay or a confirmed plan under Chapter 13 of the Bankruptcy Code limits the possible criminal sanctions that may ultimately be imposed on Debtor by the Superior

---

[30]  *In re Gruntz*, 202 F.3d at 1084–85.  *See also Pa. Dept. of Pub. Welfare v. Davenport*, 495 U.S. 552, 560–61 (1990) ("Section 362(b)(1) ensures that the automatic stay provision is not construed to bar federal or state prosecution of alleged criminal offenses."), *superseded by statute*, Criminal Victims Protection Act of 1990, Pub. L. 101-581, § 3, 104 Stat. 2865, *as recognized in Johnson v. Home State Bank*, 501 U.S. 78, 83 n.4 (noting that Congress had expressly withdrawn the power of bankruptcy courts to discharge restitution orders under § 1328(a), but had not disturbed the general conclusions of the opinion.).

[31]  305 B.R. 748 (Bankr. D.S.C. 2003) ("*Coulter*").

Court as a consequence of the criminal proceedings against him.[32]  Therefore, the significance of Debtor's inclusion of Claim No. 10 in the Plan is unclear to the Court.  The issue is not before the Court today.[33]

Second, *Coulter* is factually inapposite and does not assist Debtor.  In *Coulter*, the debts at issue were based on restitution orders entered following a guilty plea.  The restitution and fees were liquidated and subject to a payment plan ordered by the municipal court.  After filing bankruptcy under Chapter 13, the debtor included the restitution claim in a plan.  The claim was to be paid in full through the plan, although on a different schedule than in the municipal court's order. The municipal court had actual notice of the plan, did not object to confirmation, and had filed a claim in the case.  The Court in *Coulter* acknowledged the general principle that federal bankruptcy courts should not interfere in criminal proceedings, but found based on the actual knowledge of its treatment under the plan and failure to object to same, the municipal court was prohibited from further proceedings against the debtor.  The court found that the municipal court was bound by the confirmed plan, and could not impose additional fines or punishment for failure to meet the original

---

[32] *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (*citing Younger v. Harris*, 401 U.S. 37, 49 (1986)).  *See also Williams v. Meyer (In re Williams)*, 438 B.R. 679, 692 n.73 (10th Cir. BAP 2010) ("In any event, the Supreme Court concluded in *Kelly* that a State has no obligation to intervene in a bankruptcy proceeding to preserve and enforce the broad range of sentencing options available to deter and rehabilitate a criminal defendant who happened to file bankruptcy.") (*citing Kelly*, 479 U.S. at 49).

[33] Under *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1380 (2010), any creditor that receives sufficient notice that its rights will be modified under a plan will be bound upon confirmation in the absence of a timely objection or appeal.  The interpretation of the Plan's treatment of any potential criminal fine imposed against Debtor in the Superior Court proceeding is a matter left for another day.

payment schedule, as long as the debtor adhered to the confirmed plan.[34]  The court in *Coulter* acknowledged a split of authority among the courts on this issue, where some courts apply § 362(b)(1) to any criminal proceeding, and other courts impose a limitation where the debt is based on restitution and the criminal proceeding appears to be exclusively applied to the collection of that debt.[35]  Restitution is not normally an element of a sentence for a traffic violation.  Unless and until a conviction and sentence are entered against Debtor, this issue is simply not before this Court.

For the reasons set forth herein,

IT IS THEREFORE ORDERED that the Motion for Declaratory Order and Brief in Support, *at Docket No. 197*, filed by Eddie Santana, Debtor herein, be, and the same hereby is, DENIED.

Dated this 9th day of March, 2012.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

6297.4

---

[34]  *Coulter*, 305 B.R. at 757.

[35]  *Id.* at 754 (citing *Gruntz*).

10

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2012, I mailed by first-class United States mail a true and correct

copy of theforegoing to the parties listed below:

Eddie Santana
731 E. 43rd St. N.
Tulsa, OK 74106

*Judy Johnson*

11